**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

_____

| | |
|---|---|
| LAWRENCE L. GAINES | : CIVIL ACTION NO.: |
|      Plaintiff | : |
|   vs. | : |
| | : |
| UNITED PARCEL SERVICE | : |
|      Defendant | : |
| _____: | |

## COMPLAINT AND JURY DEMAND

### I.    INTRODUCTION

1. Plaintiff, Lawrence L. Gaines, claims sums in excess of Three Hundred Thousand Dollars ($300,000) in damages and upon her causes of action, aver as follows.

2. This action for monetary damages and other appropriate relief is brought by Plaintiff to redress violations of Plaintiff's rights under federal and state laws by the Defendant.

3. This action arises under the Civil Rights Act, Title VII, 42 USC Section 2000e et seq., Age Discrimination in Employment Act (ADEA) and the New Jersey Law Against Discrimination, which prohibit discrimination in employment on the basis of gender, age and retaliation for engaging in protected activities.  This civil action is brought by Plaintiff to redress arbitrary, malicious, reckless, improper, unlawful, willful, deliberate and

1

intentional gender and age discrimination and retaliation by the Defendant against Plaintiff.

## II.   **JURISDICTION, VENUE AND PARTIES**

4. The jurisdiction of this Court is invoked pursuant to Title 28 U.S.C.  1331, which provides for the original jurisdiction of Plaintiff's claims arising under the laws of the United States of America.  This Court also has original jurisdiction over Plaintiff's state law claims under Title 28 U.S.C. 1332, because diversity of residence and amount in controversy over $75,000.

5. The venue of this Court is proper pursuant to the dictates of Title 28 U.S.C. 1391(c).

6. Plaintiff has exhausted his administrative remedies under Title VII before bringing this civil action.  On July 2020, the EEOC issued Plaintiff his right to sue Defendant UPS, regarding his Title VII claims. Attached as Exhibit A hereto is a copy of the Right to Sue notice from the EEOC.

7. Plaintiff resides at 24 Manchester Way, Burlington, New Jersey.

8. Defendant, United Parcel Service (hereinafter "UPS") is a corporate entity, with its headquarters located at 55 Glenlake Parkway, N.E., Atlanta, Georgia, and doing business in the State of New Jersey and at all times relevant to the issues in this case had its business offices located at 301 E. Oak Avenue, Lawnside, NJ 08045.

2

## III.        BRIEF STATEMENT OF FACTS

9.  Plaintiff, Lawrence L. Gaines, was born on July 10, 1963.

10.  Plaintiff started working for Defendant, UPS, on or about September 17, 1987, as a Driver.

11.  In or about 2003, Plaintiff was promoted to the position of Security Supervisor, at Defendant's Philadelphia Airport location.

12.  In or about April 2016, Plaintiff was promoted to the position of Security Manager, supervising all of Defendant's Security Supervisors, who oversaw contracted security guards (vendors), in Defendant's Chesapeake Region (consisting of locations in Maryland, Delaware, Pennsylvania and New Jersey), with Plaintiff's home office located in Lawnside, New Jersey.

13.  In or about April 2018, Defendant sent Plaintiff and certain other employees a "Voluntary Retirement Program" (VRP), asking Plaintiff to agree to early retirement and separation from the company.

14.  This VRP targeted Defendant's employees that would turn 55 years old and above between August 31, 2018 and June 30, 2019.

15.  Plaintiff turned 55 years old on July 10, 2018.

16.  Defendant's VRP indicated that this program was initiated to structure Defendant's future plans.  However, Plaintiff asserts that this program was aimed at getting rid of Defendant's older employees to make room for

younger employees; a policy and practice that discriminated against Defendant's older employees and a violation of the ADEA.

17. On or about June 11, 2018, Plaintiff refused to accept Defendant's VRP to terminate his employment and retire early.

18. On June 14, 2018, Defendant acknowledged receiving Plaintiff's refusal to accept its VRP proposal.

19. Also, between August 2016 and September 2016, Plaintiff repeatedly reported to Defendant about the tardiness and absenteeism of one of Plaintiff's subordinate, Rashedah Henderson (female).

20. On several occasions between 2014 and 2018, Plaintiff complained to Defendant about UPS's policy infractions by Ms. Henderson, but no disciplinary action was taken against Ms. Henderson by Defendant to correct Ms. Henderson's tardiness and attendance issues.

21. Plaintiff then requested from Defendant that Ms. Henderson be removed from under his supervision.

22. At some point Defendant removed Ms. Henderson from the Security Department and assigned her to Delivery.

23. The concerns and other employment issues Plaintiff had about Ms. Henderson started when Ms. Henderson worked out of Defendant's Oregon Avenue, Philadelphia facility reporting to Plaintiff.

24. However, after Plaintiff's home office was relocated to Defendant's Lawnside, New Jersey facility, Defendant assigned Ms. Henderson to its Delivery Department and transferred her from Philadelphia to Plaintiff's home office at the Lawnside, New Jersey location.

25. In spite of Ms. Henderson's well known infractions of Defendant's rules and policies, she was not terminated.

26. However, on or about November 2, 2018, Defendant terminated Plaintiff's employment based on false allegations of sexual harassment of a female employee, Ms. Marlena Jimenez that Defendant transferred from its Human Resources Department to its Security Department and assigned to work at Plaintiff's Lawnside, New Jersey location, reporting to Plaintiff.

27. When Ms. Jimenez started working for Plaintiff, Ms. Jimenez initiated conversations with Plaintiff about her personal life and issues she was having with her fiancée.

28. Ms. Jimenez was the person who started discussing her personal life and the nature of her relationship with her boy friend with Plaintiff; Plaintiff did not ask or initiate discussions with Ms. Jimenez about her personal life.

29. Plaintiff's comments were to respond to the unsolicited personal information Ms. Jimenez voluntarily presented to Plaintiff.

5

30. Prior to working for Plaintiff, Ms. Jimenez worked in Human Resources for Defendant and was aware of Defendant's policies regarding inappropriate comments.

31. Defendant did not discipline Ms. Jimenez for initiating discussions with Plaintiff about her personal life and relationship with her boy friend, and discussing unsolicited personal information with Plaintiff.

32. At no time did Plaintiff sexually harass Ms. Jimenez and at no time did Ms. Jimenez tell Plaintiff that any conduct of Plaintiff was unwelcome or that Plaintiff made her uncomfortable.

33. Defendant failed to comply with its appeal process with regards to allegations of policy infractions before terminating Plaintiff's employment.

34. Defendant's false allegation used to terminate Plaintiff on or about November 2, 2018, was a pretext and cover-up for Defendant's age discriminatory termination of Plaintiff's employment and retaliation for Plaintiff opposing Defendant's age discriminatory VRP of May 2018.

35. When Plaintiff was terminated as the Security Manager for the Chesapeake District, he was replaced by a much younger employee, Todd May, who was in his 40s.

36. Plaintiff also asserts that Defendant's November 2, 2018 termination of his employment was gender discriminatory.

37. A female employee, Rashedah Henderson, was not terminated for engaging in numerous violations of Defendant's rules and policies.

38. Plaintiff had no prior disciplinary actions taken against him prior to November 2, 2018 and did not engage in any infraction of Defendant's policy that warranted termination.

## IV          STATEMENT OF CLAIM

### COUNT ONE- TITLE VII VIOLATION–GENDER DISCRIMINATION

39. Plaintiff incorporates by reference all allegations alleged in paragraphs 1 through 38 above as if same were fully set forth at length herein.

40. The acts and conducts of Defendant UPS as stated above where Plaintiff was subjected to gender discriminatory termination of his employment on November 2, 2018 was a violation of the Civil Rights Act, 42 U.S.C. Section 2000e, et seq.

41. As a direct and proximate result of the said discriminatory practices of Defendant in violation of Title VII, Plaintiff has sustained loss of wages and earnings, loss of benefits, loss of back pay, as well as mental anguish, emotional distress, humiliation, and damage to reputation.

## COUNT TWO- ADEA VIOLATION- AGE DISCRIMINATION

42. Plaintiff incorporates by reference all allegations alleged in paragraphs 1 through 41 above as if same were fully set forth at length herein.

43. The acts and conducts of Defendant UPS as stated above where Plaintiff was subjected to age discriminatory termination of his employment on November 2, 2018 was a violation of the Age Discrimination in Employment Act.

44. As a direct and proximate result of the said discriminatory practices of Defendant in violation of ADEA, Plaintiff has sustained loss of wages and earnings, loss of benefits, loss of back pay, as well as mental anguish, emotional distress, humiliation, and damage to reputation.

## COUNT THREE- ADEA VIOLATION- RETALIATION

45. Plaintiff incorporates by reference all allegations alleged in paragraphs 1 through 44 above as if same were fully set forth at length herein.

46. The act and conduct of Defendant as stated above where Plaintiff was subjected to retaliatory discharged because he opposed Defendant's voluntary early retirement program and engaged in protected activities under the ADEA was a violation of the statute.

47. As a direct and proximate result of the said retaliatory acts and conducts of the Defendant in violation of this statute, Plaintiff has sustained loss of

8

wages and earnings, loss of benefits, loss of back pay, as well as mental

anguish, emotional distress, humiliation, and damage to reputation.

## COUNT FOUR-NJ LAD VIOLATION-GENDER AND AGE DISCRIMINATION

48. Plaintiff incorporates by reference all allegations alleged in paragraphs 1 through 47 above as if same were fully set forth at length herein.

49. The acts and conducts of Defendant as stated above where Plaintiff was subjected to gender and age discriminatory termination of his employment were violations of the New Jersey Law Against Discrimination (NJLAD).

50. As a direct and proximate result of the said discriminatory practices of Defendant in violation of the NJLAD, Plaintiff has sustained loss of wages and earnings, loss of benefits, loss of back pay, as well as mental anguish, emotional distress, humiliation, and damage to reputation.

### COUNT FIVE- NJLAD VIOLATION –RETALIATION

51. Plaintiff incorporates by reference all allegations alleged in paragraphs 1 through 50 above as if same were fully set forth at length herein.

52. The acts and conducts of Defendant as stated above where Plaintiff was subjected to adverse employment actions by Defendant because he opposed age discriminatory practices of Defendant and engaged in protected activities under the New Jersey Law Against Discrimination were violations of the New Jersey Law Against Discrimination.

53. As a direct and proximate result of the said retaliatory practices by Defendant in violation of NJLAD, Plaintiff has sustained loss of wages and earnings, loss of benefits, loss of back pay, front pay, as well as mental anguish, emotional distress, humiliation, and damage to reputation.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully demands judgment against Defendant and request that this Honorable Court:

A. Enter judgment against Defendant for back pay, front pay, loss of income, loss of benefits, pre and post judgment interests, costs of suit, compensatory damages, punitive damages, attorneys' fees and expert witness fees as permitted by law; and

B. Award such other relief, as the Court may deem necessary and just, including but not limited to an Order to make whole.

# JURY TRIAL DEMAND

Plaintiff demands a jury trial on all questions of fact raised by this Complaint.

*/s/ Olugbenga O. Abiona*

_____

Olugbenga O. Abiona, Esquire
ABIONA LAW PLLC
121 South Broad Street, Suite 1200
Philadelphia, PA 19107
(215) 625-0330
Attorney Id#: 017281989
oluesq@aol.com
Attorney for Plaintiff

Dated:  July 7, 2020

11